**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MELVIN WILLIAMS (#A-01181),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 11 C 4838** |
| v. ) | |
| ) | **Judge Ronald A. Guzman** |
| **MARCUS HARDY, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Melvin Williams, an inmate presently incarcerated at Stateville Illinois Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendants, Warden Marcus Hardy and Assistant Warden Edwards, violated his constitutional rights by instituting a mail delivery system at Stateville Correctional Center that results in delayed mail delivery (See Plaintiff's complaint, pp. 4-6). Plaintiff alleges that because of the consistent delays in receiving mail from the Stateville Correctional Center mail room, he missed a filing deadline in the class-action lawsuit *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.) (Gettleman, J.).

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim [#15]. In their motion, Defendants argue that Plaintiff's complaint is deficient because Plaintiff does not satisfactorily plead a violation of his First Amendment Rights with respect to delayed receipt of his mail and that Plaintiff has not sufficiently pled Defendants' personal involvement in the alleged constitutional violation. For the reasons stated in this order, Defendant's motion to dismiss is denied.

It is well established that pro se complaints are to be liberally construed. *Haines v. Kerner*,

404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

The allegations "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

### A.    Plaintiff has Adequately Pled a First Amendment Violation.

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005); *citing Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L. Ed. 2d 935; *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir. 1993). To state a right of access claim, Plaintiff must make specific allegations that as a result of the

Defendants' alleged conduct, he suffered prejudice such as missed court deadlines, failure to make timely filings or dismissal of legitimate claims. *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Plaintiff must allege that he had a non-frivolous legal claim that was frustrated or impeded by the failure of the prison officials to assist him in the preparation and filing of meaningful legal papers and that he suffered some quantum of detriment as a result. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

In his complaint, Plaintiff alleges an ongoing problem with receiving his mail (for a period of eleven years) (*see* Plaintiff's complaint, p. 4). Plaintiff alleges that the ongoing problem is due to a long policy of under-staffing the mail room and that Defendants had been repeatedly made aware of the problem via grievances (over three thousand, according to Plaintiff *Id*.) and prior law suits.

As an example of the problems Plaintiff has suffered due to the persistent problem of delayed mail delivery, he cites a particular letter that was mailed to him on October 4, 2010, that he did not receive until either November 24 or 26, 2010. The letter contained information relating to the settlement of a class action suit then pending in the Northern District of Illinois, *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.) (Gettleman, J.) of which Plaintiff alleges he was a member of the class. Plaintiff further alleges that because he did not receive the correspondence in a timely fashion, he missed the deadline of November 1, 2010, to submit his settlement claim form. Read liberally, Plaintiff seems to plead that the delay was deliberate to prevent him from collecting his *Dunn* settlement award of between four and eighty-five hundred dollars.

The Court finds that under *Ortloff* and *Lehn* Plaintiff has alleged sufficient delay and detriment in his pursuit of non-frivolous legal claims. Unlike in *Rowe*, wherein short term, sporadic

and non-content based delays failed to state a cause of action, *see Rowe*, 196 F.3d at 782, Plaintiff alleges that the problem was long term and pervasive, that Defendants had been notified so many times about the problem and did nothing to rectify it, and he believes that in the particular case of the letter regarding his settlement in *Dunn*, the delay was content based: deliberately delayed to prevent him from collecting his settlement award. Taken collectively, the Court cannot state at this point in the litigation, that Plaintiff's First Amendment rights were not violated. Accordingly, Plaintiff has stated a valid claim for violation of his First Amendment rights, and Defendants' motion is denied.

### B. Plaintiff has Adequately Pled Personal Involvement

Plaintiff's complaint does not indicate whether he is suing Defendants Hardy and Edwards individually and/or in their official capacities. Liability under the Civil Rights Act for an individual capacity claim requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594.

To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Here, Plaintiff has alleged a long-standing issue

4

with the delay of mail delivery at Stateville Correctional Center over a period of at least eleven years, and that Defendants have received notice of the problem via in excess of three thousand grievances. (*See* Plaintiff's complaint, p. 4.) Plaintiff further pleads that Defendants have responded to the grievances in a manner that indicates that they acknowledge that the problem exists, but that they have taken no steps to fix the problem. *Id.* at p. 4-5. Plaintiff finally pleads that he suffered damages because of the mail delay. *Id.* at p. 6. Drawing all reasonable inferences in Plaintiff's favor, this allegation supports an inference that Defendants knew of the problems in the mail room and turned a blind eye to the problem. Accordingly, Plaintiff state a cause of action against Defendants Hardy and Edwards in their individual capacities.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Under the facts pled, Plaintiff has also stated an official capacity claim against administrators Hardy and Edwards.

### C. Unserved John Doe Defendant

The Court notes that Plaintiff named a John Doe, the mail room supervisor, as a Defendant in his complaint. To date, the docket reflects no effort on behalf of Plaintiff to identify the John Doe Defendant. Plaintiff is again cautioned that there is a two-year statute of limitations for civil rights actions and that in this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Plaintiff should therefore attempt to identify the John Doe as soon as possible. Plaintiff should serve on Defendants as soon as is practicable, interrogatories pursuant to FED. R. CIV. P. 33, calculated to determine the identity of the John Doe mail room supervisor. Once Plaintiff has identified the John Doe Defendant, he can seek leave to amend his complaint to name the Defendant. Failure to do so may result in dismissal of this Defendant.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#15] is denied. Defendants Hardy and Edwards are given 30 days to answer Plaintiff's complaint, or to otherwise plead. This matter is set for a status hearing on June 26, 2012 at 10:15 a.m.

Dated: May 15, 2012

                                                  Ronald A. Guzman
                                                  United States District Court Judge